GONZÁLEZ v. THE SUN LIFE INSURANCE COMPANY OF CANADA.

APPEAL from the District Court of San Juan.

No. 117.—Decided December 10, 1904.

INSURANCE—PAYMENT OF POLICY.—By delay on the part of the insured, in the payment of the principal or premium agreed upon, he loses his right to demand the payment of the insurance or the amount insured in case the calamity should occur, or in case of compliance with the condition of the contract while he is in default.

ID.—PERIOD OF GRACE.—If when a semiannual premium becomes due the amount of the same is not paid, and the insured shall not have made use of the period of grace granted by the terms of the policy within which to pay the said premium, when the insurance policy may be deemed to have been renewed, the heirs of the insured will have no right of action to recover from the company the amount of the insurance.

COSTS.—Costs should be imposed upon the litigants whose demands have been in all things denied.

STATEMENT OF THE CASE.

This is a declaratory action of greater import prosecuted in the former District Court of San Juan by Antonia González Cabrera in her own right and representing her minor children, Juana and Julio Candelario y González, and, by reason of her death, continued by Facundo Sánchez León as

the guardian of the said minors, represented by Attorney Eduardo Acuña y Aybar, as plaintiffs, against The Sun Life Insurance Company of Canada, as defendant, represented by Attorney Juan de Guzmán Benítez, for the recovery of 8,000 *pesos,* provincial money, the face of a life insurance policy, and legal interest and costs. The case is pending before us on an appeal taken by the representative of the plaintiffs from the judgment rendered by said district court which reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, August 13, 1903. An oral and public hearing was had of this declaratory action prosecuted in this court by Antonia González Cabrera in her own right, and representing her minor children, Juana and Julio Candelario y González; and, by reason of her death, continued by Facundo Sánchez León as the guardian of the said minors, as plaintiffs, represented by Attorney Eduardo Acuña y Aybar, against The Sun Life Insurance Company of Canada, as defendant, represented by Attorney Juan de Guzmán Benítez, for the recovery of 8,000 *pesos,* provincial money, the face of a life insurance policy, and legal interest and costs.

"The Sun Life Insurance Company of Canadá on March 8, 1898, issued an insurance policy for 8,000 *pesos* on the life of Ramón Candelario, providing for participation in the profits, and insuring the life of Ramón Candelario, and binding itself to pay the said sum to the wife of the insured, Antonia González and children. In the same policy under the heading of 'Privileges' the following clause is to be found: 'Thirty days grace are granted for the payment of the renewal premium; if after this policy has been in force two years the premium should not be paid when due and the proper reserve, according to the present computation of the Government of Canada, after deducting the whole amount due the company, and the interest accrued thereon, should exceed the premium required, the policy shall not lapse, but the company will advance the amount of the premium which shall be a debt and first 'right of retention' in favor of the company, which debt will draw interest at the rate of ten per cent. per annum (seven per cent. for interest and three per cent. for expenses) from the date upon which the premium is due, which debt and interest will be deducted from the amount of the insurance upon the payment of the policy. And if when the annual premium is due the technical reserve

thereof should not be sufficient to cover an annual premium, but should exceed the amount of a semiannual premium, the policy shall continue in force for six months under the terms aforesaid. And the policy shall continue in force so long as the reserve balance shall be sufficient to pay the premium due. But if it should not be sufficient, the policy shall be null and void, unless the premium shall be paid within the period of thirty days grace granted. But should the accumulated debt at any time exceed the technical reserve, the policy shall become *ipso facto* null and void. If the insured should die during the time that his policy shall have been kept in force by this method, the company will not be liable except for the balance of the amount of the insurance after deducting the unpaid premiums and the accrued interest.

"Ramón Candelario died on September 30, 1898, according to a certificate issued by the municipal judge in charge of the civil registry of the town of Camuy. He contracted marriage with Antonia González on August 2, 1895, according to a certificate of the parish priest. Antonia González Cabrera in her own name and representing her minor children, Juana and Julio Candelario y González, filed their complaint accompanied by the aforesaid documents, together with a receipt for the semiannual premium to March 1, 1898, on the policy above mentioned, and an advertisement published by the insurance company in the newspaper *El Diario* of Ponce, under date of June 6, 1901, in which complaint she prayed that The Sun Life Insurance Company of Canada be adjudged to pay four thousand dollars, the amount of the insurance, the interest due thereon at six per cent per annum from the date of the complaint, (May 27, 1901) and the costs.

"The complaint sets up as facts, that Ramón Candelario entered into the insurance contract for 8,000 *pesos,* provincial money, with a semiannual premium of 124.40 *pesos,* on March 1, 1898, the medical examination and reports thereon having been made, and the said policy having been issued on March 8, 1898, the premiums being made payable semiannually on March 1st and September 1st, and the privileges forming a part of the said policy set out therein, among which was included the privilege of thirty days grace, that is to say, granting thirty days within which to pay the renewal premiums and providing that the payments should be made at the San Juan office; that Candelario paid the premium in due time according to the receipt produced; that he died on September 30th, as aforesaid, having been married to Antonia González Cabrera since August 2, 1895, two children having been born as the result of said marriage, named Juana and Julian, both under the age of twenty-one years; and that her efforts

to obtain a settlement have been unsuccessful.   The following authorities were cited: articles 83, 380, 382, 416 and 421 of the Code of Commerce, subdivision 1 of article 63 of the Law of Civil Procedure, and Law No. 26 of the Legislative Assembly.

''The defendant answered that it is true that Ramón Candelario executed the contract set out in the policy, which provides that in order to be in force the semiannual premium shall be paid on March 1st and September 1, 1898, and subsequently on said dates; that the premium for March, 1898, was paid, but not the September premium, Candelario having stated that not being able to pay the same he forfeited the policy; this statement having been made to the agent Storer in a letter which reads as follows: 'Camuy, September 9, 1898. · Mr. Carlos Storer, Arecibo.   Dear Sir: I am advised from the capital that my policy expired on the first instant, and as I cannot pay, because I have no money, on account of the difficulties arising by reason of the war, I hereby notify you that I cannot continue with the same and abandon the insurance.   Without more, I am, Yours, etc., Ramón Candelario.'

''That on the 10th of September Storer notified the agency in this city of the decision of the insured, and the general agent entered in the official registry of the company, on the margin of the policy entry, the word 'abandoned;' that in the account of the said month of September Meltz made an entry to the effect that the collection for the renewal of the policy of the insured Candelario could not be made, because he had abandoned the same, and advised the company thereof; that neither the company nor its representatives in San Juan or Arecibo had anything more to do with the matter, it being false that payment of the policy had been demanded several times, unless the plaintiff refers to the ill-advised efforts which she is now making; that the date of the death of Candelario matters little, inasmuch as when the insurance was forfeited, as well as the right to the thirty days grace invoked, and which forms an essential part of the contract, it matters not whether the insured died before or after the period of grace, but it must be borne in mind that three years have expired without any attempt having been made to collect the insurance.   Defendant denies all the facts alleged in the complaint which are at variance with those set out in the answer; and cites as authority article 385 of the Code of Commerce, subdivision 4 of section 1114 and section 1124 of the Civil Code and praying that the complaint be dismissed on the ground that the policy was abandoned and became null and void, with costs against the plaintiff.

"From the evidence introduced by the plaintiff it appears that a comparison having been made of the death certificate of Ramón Candelario with its original the same agree; that certified copies, issued by the officer in charge of the civil register of Camuy, were produced of the certificate of marriage of Candelario to Antonia González Cabrera, and of the certificates of birth of the children Juana Bautista and Julián, had during the existence of the marriage; a certified copy of the declaration of intestate heirs of Ramón Candelario in favor of his legitimate children above named, without prejudice to the rights of the widow, according to section 1834 of the Civil Code, which declaration made by the Arecibo court on September 6, 1901, was attached to the record. The secretary of the municipal court having, by order of the court, presented himself at the place of business of The Sun Life Insurance Company of Canada, he was shown the letter copy book including letters written from May 19, 1898, to October 17, there appearing at folio 339 a letter under date of September 11th of the said year addressed to Carlos F. Storer in Arecibo, in which among other things, there is a reference to Ramón Candelario to the following effect: 'Recieved return No. 71,496 M. Alfonso, and note that R. Candelario, No. 71,228 does not continue with his insurance either;' and the said agents having been required to present the books of the agency they exhibited one in which there appears an account under date of September 13, 1898, in which among other items there is one which reads as follows: '71228. Ramón Condelario, 124.40,' which according to the agent refers to policies returned for their cancellation, it being noted that the account and letter are signed by C. B. Meltz; that a certificate of the secretary of the municipality of Camuy was presented which bore the O. K. of the *alcalde* and which says: 'Fructuoso Filipi y Colón, secretary of the municipal council of Camuy: I certify that in the general register of residences made by this municipality in the year 1897, in the section pertaining to *barrio* Zanga, municipaiity of Camuy, there appears the name of Ramón Candelario, twenty-eight years of age, a mulatto, married, does not know how to read or write, a native and resident of Camuy and a farmer. And for the purpose of delivering the same to the interested party I issue this copy which the *alcalde* examined, in Camuy, September 17, 1901. Fructuoso Filipi. O. K. The *Alcalde* Estrella. There is a stamp which says Office of the Mayor of the Municipality of Camuy.'

"It further appears from the evidence of the plaintiff that four witnessess testified that they knew Candelario, who did not know how

to write, one of them stating that he did not know whether during the time of the war he had learned how to write or not, and two of the said witnessess that they signed the marriage certificate for Candelario because he did not know how to write, and another witness that he had seen him on several occasions consummate business transactions where another person signed for him at his request. One of the witnesses testified that Candelario was a farmer on shares; that he could dispose of 100 to 150 *pesos* annually. Another witness testified that he could pay the amount of the insurance premium, because he was in easy circumstances. Another witness testified that he handled money but that he did not know what his business was; but that he had seen him sell produce and he knew that he had land. Another witness testified that he consummated small business transactions, and that he had seen him sell products of the soil.

"Among the documents constituting the evidence of the defendant there appears the letter mentioned in the answer to the complaint, dated September 9, 1898, which is said to have been signed by Ramón Candelario; another letter signed by José F. Storer, addressed to Carlos B. Meltz, advising him not to send the receipt of Ramón Candelario, No. 71228, for $124.40 due on September 1, 1898, because it could not be paid by the insured, inasmuch as he had abandoned the insurance.

"A day and hour having been set for the hearing after the one had before Associate Judges Perrea and Hord having been declared null and void, because of the impossibility of continuing with the same, and the evidence of the plaintiff having been introduced without any objection or protest having been made by the defendant, the hearing was postponed. David Storer testified that he recognized signature on the application and that Candelario had signed the same in his presence. The witness Delgado recognized his signature on the said application and testified that Candelario signed the same in the house where David Storer wrote the insurance; that he does not know whether Candelario could read and write, but that he does know that he could sign his name, having seen him do so; that Candelario and the witness carried out a transaction involving 200 *pesos* and that by reason of the said contract, six or seven years ago, he gave him a private document which was signed. Dr. Aleman, who acknowledged as his the signatures placed by him upon the application on the dates indicated, testified that he remembers that Candelario appeared with the application at the office of Storer, to undergo the examination which the witness made, he being unable to state by reason of the

time which had passed,whether Candelario signed in his presence or whether the signatures were already affixed to the application. It appeared from the expert testimony that the word 'dropped' from the register of the policy and the signature 'Meltz' compared with the unquestioned signature of Meltz in the notarial office of Mauricio Guerra in the deed of Meltz & Company, in the opinion of the experts, appeared to have been written by the same hand, but the said experts were unable so to assert without doubt.

"As evidence of the defendant there was also attached to the record the original application of Candelario for the insurance, addressed to the company at its principal office in Montreal.

"All the formalities required by law have been observed in the conduct of this proceeding.

"Judge José Tous Soto prepared the opinion of the court.

"An insured who delays the payment of the premium, or sum agreed upon, shall not have the right to demand the amount of the insurance or the amount insured, if the calamity occurs or the condition of the contract is complied with, while he is in default. (Article 425 of the Code of Commerce).

"In view of the foregoing provision, the calamity having occurred, that is to say, the death of Candelario, on September 30, 1898, he having been obliged to pay the premium of renewal on the first of the said month, in accordance with the terms of the insurance policy, the insured was undoubtedly in default with the insurer, according to the provisions of the law, although he or his successors in interest still had one day of the thirty days grace within which the renewal premium could be paid, or within which to pay the insurance company. Therefore the payment of the premium not having been made within the period of grace, it is evident that the insurance contract was not renewed for six months more, according to the stipulations between the insured and the insurer, contained in the policy, which constitute the law governing the contract, in so far as the same are legal. (Articles 61, 57 and 51 of the Code of Commerce).

"On the other hand the insurance contract which appears to have been abandoned by the insured in a letter which is attached at folio thirty, addressed by Candelario to the agent of the defendant company, Carlos Storer, on September 9, 1898, the genuineness of which cannot be doubted because of the result of the comparison of the signatures of the insured made by experts, and which were affixed to the application for insurance, which application according to the stipulations contained in the policy, forms a part of the insurance contract upon which

the plaintiff bases her action, shows conclusively that the signature affixed to the said letter and those affixed to the said application, which serves as the basis for the action prosecuted, are identically the same.

"The application for insurance is an authentic document for the purposes of the comparison, because it forms a part of the policy which is accepted as authentic by the plaintiff, in basing her action thereon, and expressly by the defendant, in the answer to the complaint. (Subdivision 1, article 607 of the Law of Civil Procedure).

"Upon the supposition that the application for insurance should not be deemed as an authentic document by mutual agreement of the parties, it would no less be attributing all the value given to the documents enumerated as authentic in article 607 of the Law of Civil Procedure, in accordance with article 606 of the same law, combining the value thereof, as the basis of the action, with the result of the expert testimony given by Dr Aleman, David Storer and Bernardino Delgado.

"From an examination of the commercial books and correspondence of the firm of Meltz & Gandia, who are the representative agents in this Island of the defendant corporation, the comparison of the undoubted signature of Meltz with the word 'dropped' written as an endorsement to the entry of Candelario's policy in the register of the said agents, support the probative value of the letter itself, for the purpose of showing the abandonment of the policy by the insured.

"Whether the said policy is deemed to have been abandoned, that is to say, whether the insurance contract is deemed to have been rescinded or discontinued, or whether it is considered that the renewal or extension thereof was effective by reason of a failure to pay the premium agreed upon, not even within the terms stipulated, but within the thirty days grace, it is evident that Antonia González and her children have no cause of action to recover the amount of the insurance; because although not only the party contracting with the insurance company, but the three persons in whose favor the insurance was obtained, have a right of action against the insurance company according to paragraph 2 of article 421 of the Code of Commerce, this is understood to be so upon the supposition that the policy is in force, and not in a case where the insurance has been forfeited by the abandonment, or the express discontinuation thereof, or by a failure to comply with the principal stipulation of the contract, to pay the premium.

"Costs should be taxed against the party whose demands have in all things been denied.

"In view of the sections of law which have been cited and those of the Law of Civil Procedure which are applicable to the case, we adjudge that we should dismiss, and do dismiss, the complaint herein, with costs against the plaintiffs.

"Thus by this our judgment do we pronounce, order and sign. Presiding Judge Juan Morera Martínez voted in favor of this judgment in court, but does not sign the same because he is absent on vacation leave.    Frank H. Richmond, José Tous Soto."

From this judgment the representative of the minor children of Candelario González took an appeal which was allowed both for review and stay of proceedings, and the record having been sent up to this court, and the parties having been cited and they having appeared, the appeal was conducted under the proper procedure, and the same was set for hearing, at which counsel for the parties were present and made such arguments as they deemed proper in support of their rights.

*Mr. Eduardo Acuña,* for appellants.

*Mr. Juan de Guzmán Benítez,* for respondent.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact and the first conclusion of law contained in the judgment appealed from.

Aside from the question raised by the counsel for the defendant company, with respect to the abandonment of the insurance by the insured, Ramón Candelario, communicated to the agent of the said company in Arecibo, Carlos Storer, in a letter of September 9, 1898, and upon which point the evidence introduced by the parties is of such character that no definite conclusion can be reached, the fact not only of the failure to pay the semiannual premium when due on September first of the year aforesaid, but the failure of the insured to avail himself of the thirty days granted by the terms of the policy within which to pay the said semiannual

premium in order that the insurance might be considered as having been renewed for six months longer, it is evident that the said widow and the children of the deceased Candelario had no legal ground upon which to base an action against the company to recover the amount of the insurance.

In accordance with rule 63 of General Orders No. 118 of August 15, 1899, costs should be taxed against the litigants whose demands have been in all things denied.

In view of the legal authorities cited we adjudge that we should affirm, and do affirm, the judgment appealed from and rendered on August 13, 1903, with costs of this appeal against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary, and Wolf concurred.